UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| RODOLFO JOSE CABRERA MONTERO,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, EDEN DETENTION CENTER,[1]<br><br>    Respondent. | No. 6:26-CV-00096-H |

### ORDER

Before the Court is Petitioner Rodolfo Jose Cabrera Montero's pro se emergency motion to expedite and for immediate release. Dkt. No. 3. Because Petitioner has not shown good cause for the Court's consideration of his habeas petition before older matters, and the motion for immediate release improperly requests the ultimate relief sought in his pending amended habeas petition, Dkt. No. 1, the motion is denied.

1. **Legal Standards**

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Eden Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

vacate sentence under 28 U.S.C. § 2255). Section 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2.   **Analysis and Conclusion**

First, Petitioner asserts that he has been detained pending removal proceedings since June 19, 2025, and he "face[s] ongoing and irreparable harm from continued detention." Dkt. No. 3. He contends that the matter is urgent now because his underlying immigration case is set for a merits hearing on March 13, 2026, and "effective relief may be undermined by the case schedule." He does not explain why he waited until right before his scheduled hearing to seek habeas relief. Petitioner's unexplained delay in seeking relief cannot create a legitimate basis for urgency. Petitioner has not shown good cause for the Court's consideration of his habeas petition before older matters. Thus, Petitioner's request to expedite is denied.

Second, "[t]he purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *See also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. *See* Dkt. No. 1. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). But the

ultimate relief he seeks in his amended petition is also immediate release from custody or an emergency individualized bond hearing. *See* Dkt. No. 1 at 7. Because the preliminary relief sought in the motion for immediate release improperly seeks the same ultimate relief requested in the petition, the motion for immediate release is denied. Dkt. No. 3.

This habeas petition remains pending.

So ordered on March 10, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge