UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

RODOLFO JOSE CABRERA MONTERO,

Petitioner,

v.

No. 6:26-CV-00096-H

WARDEN, EDEN DETENTION CENTER,

Respondent.

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. 166 F.4th 494 (5th Cir. Feb. 6, 2026). Petitioner Rodolfo Jose Cabrera Montero is one such alien, having illegally entered the United States sometime in 2022. His pro se habeas petition, filed after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the Fifth Amendment's Due Process Clause. Dkt. No. 1.

Cabrera Montero's due process claim is not foreclosed by *Buenrostro-Mendez*. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Cabrera Montero are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable from those addressed in the Court's prior decisions denying relief, "it appears from the

application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1]  28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition, Dkt. No. 1, is denied.

## 1.   Background

Cabrera Montero was detained by ICE on June 19, 2025, and served with a Notice to Appear charging him with removability under INA § 212(a)(6)(A)(i).  He requested a bond hearing, but the immigration court denied the request.  *Id.* at 2, 7, 10; *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025) (holding that aliens present in the United States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings).  On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*.  *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).  But the Court has previously explained that the Central District lacked authority to issue that relief.  *Calderon Lopez v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025).  Here, the immigration judge acted in accordance with *Yajure Hurtado*, which binds immigration judges.  *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000).

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

Cabrera Montero filed this petition for a writ of habeas corpus on March 2, 2026.[2] He does not dispute that he entered the United States illegally, nor does he assert that he was properly inspected and admitted or paroled or that he possesses any other lawful status. Instead, he contends that his prolonged detention without a bond hearing or other meaningful custody review constitutes a due-process violation. He also attaches an ACLU Practice Advisory on *Maldonado Bautista* for "legal support/background" in support of his petition. *Id.* at 16–27.

Before Cabrera Montero filed this petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at *5 (N.D. Tex. Jan. 9, 2026)).

2.    **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

---

[2] *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998) (Providing that a prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing).

Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### 3.    Analysis

As noted above, Cabrera Montero alleges that his mandatory detention violates the Constitution. But the Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3] Even so, the Court considers Cabrera Montero's argument that his detention without bond violates the Constitution. The answer is no.

As an "applicant for admission," Cabrera Montero has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond

---

[3] *See supra*, n.1.

hearings." *Id.* Accordingly, Cabrera Montero is not entitled to a bond hearing as a matter of procedural due process.

Cabrera Montero also argues that the denial of bond was inappropriate because the record does not sufficiently demonstrate that he poses a danger or flight risk. To the extent that this argument is independent of the due-process claim, the Court lacks jurisdiction to consider it. The decision to deny bond is not subject to judicial review. 8 U.S.C. § 1226(e).

**4.      Conclusion**

In short, Cabrera Montero, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 166 F.4th at 498. And the Due Process Clause does not require a bond hearing in these circumstances. Thus, the petition for a writ of habeas corpus, Dkt. No. 1, is denied, and this civil action is dismissed. The Court will enter judgment accordingly.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

Dated March **31**, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge